IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOVITA JIMÉNEZ-MARCIAL, <u>et al.</u>,

Plaintiffs,

v.

ALEJANDRO GARCIA-PADILLA, <u>et al.</u>,

Defendants.

CIVIL NO. 14-1652 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiffs – former Administrative Law Judges of the Department of Family of Puerto Rico – initiated this action against the Governor of Puerto Rico, Alejandro Garcia-Padilla, and the Secretary of the Department of Family, Idalia Colón-Rondón, claiming defendants terminated their employment in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, and Puerto Rico law (Docket No. 1). Defendants moved to dismiss (Docket No. 12). Plaintiffs opposed (Docket No. 18), and defendants replied (Docket No. 21). For the reasons explained below, defendants' request is GRANTED and the case DISMISSED.

**I.   BACKGROUND**

On or about September 14, 2012, the Puerto Rico Legislature enacted Law No. 248 (Docket No. 1 at ¶ 13). The statute sought "…to create a new administrative procedure and quasi-judicial system for the Department of the Family to provide for, and resolve the backlog of cases in the areas of adoption of children, emergency custody determinations, the deprivation of parental authority, and the like." <u>Id.</u> at ¶ 14. Among other things, it created ten (10) new Administrative Law Judge ("ALJ") positions. The ALJs were to be appointed to fixed seven (7) year terms, and would only be removable with cause. <u>Id.</u> at ¶¶ 17-18.

On November 6, 2012, García-Padilla was elected Governor. On or around November 28, 2012, then Governor Luis Fortuño-Burset appointed plaintiffs. On December 20, 2012, plaintiffs were sworn in as ALJs. Id. at ¶ 23. On January 2, 2013, García-Padilla took office. On July 9, 2014, he signed into law P.R. Law No. 85, which repealed Law 248, expressly eliminating the ALJ positions. Id. at ¶ 25. Two days later, plaintiffs were informed, through a letter signed by co-defendant Colón-Rondón that pursuant to Law 85 their ALJs' positions had been eliminated. Id. at ¶ 26. This suit ensued.

Plaintiffs contend that after being appointed to serve as quasi-judicial officers for a fixed seven (7) year term, their employment could only be terminated with cause; that absent cause, termination could only occur after a pre-termination hearing; and that without those guarantees, their termination violated their due process rights under Federal and Puerto Rico law. Id. at ¶ 31.[1] Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

---

[1] In their opposition to defendants' motion to dismiss, plaintiffs suggest that their termination was politically motivated in violation of the First Amendment (Docket No. 18 at p. 8). The complaint, however, contains no First Amendment claim. See, Docket No. 1. Thus, the court will limit its analysis to the claims included in the complaint.

Plaintiffs need not demonstrate likelihood of success, but their allegations must "'suggest more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102-103 (1st Cir. 2013).  While detailed factual allegations are not required, more than labels and conclusions are needed.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Bare bones recitals of the elements of a cause of action will not do.  Mead v. Independence Ass'n, 684 F.3d. 226, 231 (1st Cir. 2012).  Unadorned factual assertions as to those elements are inadequate as well.  Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 596 (1st Cir. 2011).

Where the well-pleaded facts and reasonable inferences drawn in plaintiffs' favor do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief.  Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009); Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir. 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Such is the case here.

### III. DISCUSSION

#### A. Fifth Amendment

Plaintiffs allege defendants violated their due process rights under the Fifth Amendment (Docket No. 1 at ¶ 34).  The Due Process Clause of the Fifth Amendment applies only to the federal government – not to state or local governments.  See, Martínez-Rivera v. Sánchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007)(so holding in context of a civil rights action).  To the extent none of the defendants has been alleged to be a federal actor, the Fifth Amendment claim must be dismissed.

#### B. Fourteenth Amendment

Plaintiffs complain that defendants deprived them of property without due process of law in violation of the Fourteenth Amendment (Docket No. 1 at ¶ 34).  The Fourteenth Amendment

prevents a state actor from depriving a person of his or her property without due process of law. To prevail, plaintiffs must identify a property interest of which they were unduly deprived. They assert that such interest attach to the positions from which they were terminated (Docket No. 18 at p. 18).

Plaintiffs' positions were created by Law 248. But Law 248 was repealed by Law 85. No generally recognized property interest exists in positions the state legislature abolishes by repealing the statute that created them. See, Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d. 7, 11-12 (1st Cir. 2014)(discussing principle). In absence of a recognized property interest, there is no federal due process violation. Id.

Plaintiffs posit that the characteristics of the positions to which they were appointed – a fix-term appointment to a quasi-judicial position protected from removal without cause – precluded their removal (Docket No. 18 at pp. 4-5). Contrary to what they assert, they were not removed from those positions. Rather, the positions were abolished when the statute that created them was repealed. See, Torres-Rivera v. García-Padilla, 783 F.3d 42, 46 (1st Cir. 2015) (distinguishing between abolishment cases and removal cases).[2] In those circumstances, the legislative process itself provided plaintiffs with "all of the process [they were] due" under the Fourteenth Amendment. Diaz-Carrasquillo, 750 F.3d. at 11.

---

[2] In connection with the distinction between abolishment and removal, plaintiffs have not alleged – and nothing in the record before the court suggests – that the Puerto Rico Legislature abolished the ALJ positions that Law 248 had created only to reestablish them under a different name to fill the resulting vacancies with new appointees. Be that as it may, as the First Circuit has emphasized, to the extent that legislative action eliminates property interests, "there can be no federal due process claim." Torres-Rivera, 783 F.3d at 46, n. 4. For the reasons discussed in this Opinion, that is the situation here.

### C. State Claims

Whether plaintiffs have a cognizable proprietary interest under the Puerto Rico Constitution or viable actions under state tort law must be determined by local courts. Federal courts may decline to exercise supplemental jurisdiction over a plaintiffs' state claims when the federal claims that gave it original jurisdiction are dismissed. See, 28 U.S.C. § 1367(c)(3)(so specifying). Because the federal constitutional claims will be dismissed, the remaining state claims must be dismissed, without prejudice. Rivera-Díaz v. Humana Insurance of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014); Martínez v. Colón, 54 F.3d 980, 990 (1st Cir.), cert. denied 516 U.S. 987 (1995).

## IV. CONCLUSION

In view of the foregoing, defendants' "Motion to Dismiss Under Federal Rule 12(b)(1) and 12(b)(6) of Civil Procedure" (Docket No. 12) is GRANTED. Plaintiffs' federal due process claims are DISMISSED, with state claims being DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of July, 2015.

                                                  s/Pedro A. Delgado-Hernández
                                                  PEDRO A. DELGADO HERNANDEZ
                                                  U.S. DISTRICT JUDGE